■ In the Matter of SASHA G. STRASSBERG, Formerly Known as SASHA G. SIDELL, Respondent. JUDY S. ENT, Appellant.—Order unanimously affirmed without costs. Memorandum: Respondent, one of the beneficiaries under the alleged will of decedent, asserts that Supreme Court abused its discretion in granting judgment creditor Strassberg's application pursuant to CPLR 5208 for leave to issue an execution against property owed to the Estate of Leon L. Sidell by the City of Buffalo for overpayment of real property taxes. We disagree. Applicant was granted a New York judgment of divorce from decedent on July 9, 1971. Because of decedent's failure to comply with the alimony provision of the judgment of divorce, on April 18, 1984 decedent was held in contempt of court and a judgment was granted applicant for alimony arrears in the amount of $90,416.77. Despite applicant's efforts, that judg-

ment remains unsatisfied. On June 3, 1987 decedent died in Florida, where he had resided for one year. In April 1991 decedent's estate was awarded a substantial judgment against the City of Buffalo for overpayment of real property taxes and the present application was made for leave to issue an execution against that judgment.

CPLR 5208 permits a judgment creditor to seek leave in Supreme Court to execute on a judgment against a deceased judgment debtor when no letters testamentary or letters of administration have been issued within 18 months of decedent's death. Here, no estate proceeding has been commenced in Florida in the four years since decedent's death. Given applicant's significant contacts with the courts of New York, and respondent's lack of action in Florida, we find that Supreme Court did not abuse its discretion in granting the application. (Appeal from Order of Supreme Court, Erie County, Francis, J.—Enforce Judgment.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.